# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BOEING COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>MAZIAR MOVASSAGHI, in his official capacity as the Acting Director of the California Department of Toxic Substances Control,<br><br>    Defendant. | Case No. CV 10-04839-JFW (MANx)<br><br>**STIPULATED PROTECTIVE ORDER** |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Stipulation Re: Proposed Protective Order, filed on October 12, 2010, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court except to the extent, as set forth below, that those terms have been modified by the Court's amendment of Paragraph(s) 11, 12, and 17 of the Stipulated Protective Order.

The parties are expressly cautioned that the designation of any information, document, or thing as Confidential Information does not, in and of itself, create any entitlement to file such information, document, or thing, in whole or in part,

under seal. Accordingly, reference to this Order or to the parties' designation of any information, document, or thing as Confidential Information is wholly insufficient to warrant a filing under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. The parties' mere designation of any information, document, or thing as Confidential Information does not — without the submission of competent evidence, in the form of a declaration or declarations, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable — constitute good cause.

Further, if sealing is requested in connection with a dispositive motion or trial, then compelling reasons, as opposed to good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See* Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectible in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting

only the confidential, privileged, or otherwise protectible portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

**THE PARTIES ARE DIRECTED TO REVIEW CAREFULLY AND ACT IN COMPLIANCE WITH ALL ORDERS ISSUED BY THE HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE, WITH RESPECT TO FILINGS UNDER SEAL.**

### TERMS OF STIPULATED PROTECTIVE ORDER

1. Definitions

    a. The term "Confidential Information" as used in this Order is to include all information that the designating party believes constitutes or discloses or relates to proprietary information of commercial value or other sensitive commercial business or government information. It may include, without limitation: documents[1] produced in this action, during formal discovery or otherwise; documents and information produced by third parties which the producing or designating party is under an obligation to maintain in confidence; answers to interrogatories and responses to requests for admission or other discovery requests; deposition transcripts; and tangible things or objects that are designated confidential pursuant to this Order. The information contained therein and all copies, photographs, blueprints, drawings, maps, abstracts, excerpts, analyses, or other writings that contain, reflect, reveal, suggest or otherwise disclose such Confidential Information shall also be deemed Confidential

---

[1] The term "documents" as used herein shall have the same definition as is assigned to it in Federal Rule of Civil Procedure 34(a).

Wilmer Cutler Pickering Hale and Dorr LLP
350 South Grand Avenue
Los Angeles, California 90071

Information. Information originally designated as Confidential Information pursuant to this agreement shall not retain Confidential status after any ruling by any Court denying such status or agreement of the designating party that the information may be disclosed without limitation.

   b. The term "designating party" means the party producing or designating documents or information as Confidential Information under this Order.

   c. The term "receiving party" shall mean any person to whom Confidential Information is disclosed.

**Designation of Confidential Information**

2. Any party that produces or discloses any material that it believes comprises Confidential Information shall designate the same by marking "CONFIDENTIAL" prominently on the face of all documents containing the information.

3. If a producing party elects to produce original files and records for inspection and the inspecting party desires to inspect those files, no confidentiality designations need be made by the producing party in advance of the initial inspection, but the party inspecting such files and records shall maintain the confidentiality of all those original files and records that it reviews. Thereafter, upon selection of specified documents for copying by the inspecting party, the producing party shall mark the copies of such documents as may contain protected subject matter with the appropriate designation at the time the copies are produced to the inspecting party.

Wilmer Cutler Pickering Hale and Dorr LLP
350 South Grand Avenue
Los Angeles, California 90071

4. If any Confidential Information is produced by a third party to this litigation, such third party shall be considered a "designating party" within the meaning of that term as it is used in the context of this Order and all parties to this Order should be treated as receiving parties.

5. Confidential Information that originated with a third party, subject to the terms of any confidentiality obligation to that third party, may be designated as "Confidential" and shall, once designated, be subject to the restrictions on disclosure specified in Paragraph 7.

6. In the event any designating party produces Confidential Information that has not been designated "Confidential" or not correctly designated, the designating party may designate or redesignate the information to the same extent as it may have designated the information before production by a subsequent notice in writing specifically identifying the redesignated information accompanied by a replacement set of such misdesignated documents bearing a "Confidential" designation thereon, in which event the parties shall henceforth treat such information in accord with this Protective Order, and shall undertake reasonable efforts to correct any disclosure of such information contrary to the redesignation. Further, the receiving party shall immediately return the documents that lacked the "Confidential" designation to the designating party upon receiving the replacement set of documents bearing the "Confidential" designation. No showing of error, inadvertence, or excusable neglect shall be required for such redesignation.

/ / /

/ / /

/ / /

### **Disclosure of Confidential Information**

7. Information designated "Confidential" shall not be given, shown, made available or communicated in any way to any person or entity other than the following and shall be disclosed only for purposes of the above-captioned litigation:

    a. Litigation counsel for Boeing

        i. Wilmer Cutler Pickering Hale and Dorr LLP

    b. Litigation counsel for DTSC

        i. Office of the Attorney General of California

    c. Members or employees of any of the foregoing law firms or government agencies assisting in this litigation as well as any independent contractors, law firms, or vendors retained by such firms, agencies, or parties to assist in this litigation (*e.g.*, outside copy services, graphic artists and visual aid providers, and jury consultants).

    d. The Court and Court personnel and stenographic/videographic reporters at court proceedings or depositions taken in this action.

    e. The in-house counsel for Boeing, as well as the non-lawyer employees of Boeing involved in the above-captioned litigation and any independent contractors or vendors retained by Boeing to assist in the above-captioned litigation, and Nancy Long, Senior Staff Counsel for DTSC for the purposes of assisting in the litigation; Leslie Walden, California Environmental Protection Agency Deputy Secretary for Law Enforcement and Counsel for the purposes of assisting in the litigation; as well as Rick Brausch, Mark Malinowski, and any other DTSC staff employees who are assigned to work on the Santa Susana Field Lab cleanup for the purposes of assisting in the litigation, and any

Wilmer Cutler Pickering Hale and Dorr LLP
350 South Grand Avenue
Los Angeles, California 90071

STIPULATED PROTECTIVE ORDER

-5-

CASE NO. CV 10-04839-JFW (MANx)

independent contractors or vendors retained by DTSC to assist in the above-captioned litigation.

   f. Independent consultants or experts (testifying or non-testifying) and their staff, retained by the attorneys for the parties either as technical consultants or expert witnesses for the purposes of this litigation, provided that such persons agree in writing to be bound by the provisions of this Order, in the form set forth as Exhibit A, hereto.

   h. The list of persons to whom Confidential Information may be disclosed may be expanded or modified by mutual agreement in writing by counsel for the designating party and the receiving party without necessity of modifying this Order.

   i. The receiving party shall give notice of this Order and advise of the duty to comply with its terms to any person allowed access to Confidential Information prior to allowing said person access to Confidential Information.

**No Waiver of Privileges**

  8. Inadvertent production of documents or information subject to attorney-client privilege, work-product immunity, or any other applicable privilege or immunity shall not constitute a waiver of, nor a prejudice to, any claim that such or related material is privileged or protected by the work-product immunity, provided that the designating party notifies the receiving party in writing promptly after discovery of such inadvertent production.  Such inadvertently produced documents and all copies thereof shall promptly be returned to the designating party upon request.  No use shall be made of such documents other than to challenge the propriety of the asserted privilege or immunity, nor shall they be shown to anyone who has not already been given access to them subsequent to the

request to return them. No demonstration or proof of error, inadvertence, excusable neglect, or absence of negligence shall be required of the designating party in order for such party to avail itself of the provisions of this paragraph.

## Use and Control of the Confidential Information

9. All Confidential Information disclosed pursuant to this Order shall be used by any recipient thereof solely for the purposes of this litigation. It shall be the duty of each party and each individual having notice of this Protective Order to comply with this Order from the time of such notice.

10. All depositions shall be marked "CONFIDENTIAL" regardless of whether a designation of confidentiality was made on the record or otherwise and shall be subject to this Protective Order for a period of seven (7) days following availability of the transcript. Thereafter, portions of the transcript designated as "CONFIDENTIAL" by the designating party shall be treated as Confidential Information. Such designation shall be made in writing.

11. Any party seeking to file Confidential Information with the Court shall comply with the provisions of L.R. 79-5 of the Local Civil Rules of this Court. Upon final termination of this action (including all appeals), the receiving party agrees that it shall not oppose a motion by the designating party to seek an order from the Court that any such Confidential Information filed under seal be returned to the designating party.

12. Nothing herein shall prevent any party from disclosing its own Confidential Information in any manner that it considers appropriate.

Wilmer Cutler Pickering Hale and Dorr LLP
350 South Grand Avenue
Los Angeles, California 90071

Additionally, counsel for any party shall be entitled to show or use Confidential Information obtained from another party, during examination, either at deposition or at any hearing or trial, of any witness or expert witness.  Counsel for any party shall also be entitled to show or use Confidential Information obtained from another party, during examination, either at deposition or at any hearing or trial, of any witness or expert witness.

13. If a party intends to reveal Confidential Information of another party during a trial, court appearance or hearing which is open to the public, the party intending to reveal such Confidential Information shall provide notice and opportunity to object, unless consent from the designating party is previously obtained, and further agrees to join the designating party in seeking an Order from the Court restricting attendance solely to employees of the Court and those persons or entities listed in Paragraph (7)(e) above.

**Duration of Order, Objections, Modifications**

14. This Protective Order shall remain in force and effect until modified, superseded or terminated by order of this Court, which may be entered pursuant to agreement of the parties hereto.  This Protective Order shall continue in effect after termination of this action and continue to be binding upon all persons to whom Confidential Information is disclosed hereunder.

15. Upon final termination of this action (including all appeals), the receiving party shall, within thirty (30) days of such termination, either return to the designating party all Confidential Information (whether in physical or electronic form) in its possession or, if approved by the designating party in

Wilmer Cutler Pickering Hale and Dorr LLP
350 South Grand Avenue
Los Angeles, California 90071

1 writing, destroy such information. In either event, the receiving party shall describe the materials returned or destroyed and certify their return or destruction. Nothing herein shall restrict the ability of the parties or their counsel to retain information or documents not designated as Confidential Information. This requirement to either return or destroy Confidential Information includes the obligation to take all actions necessary to ensure that any such information stored in electronic form is no longer accessible or readable from any storage media.

16. If the receiving party learns that Confidential Information produced to it has been disclosed to or come into the possession of any person other than in the manner authorized by this Order, the receiving party responsible for the disclosure must promptly inform the designating party of such disclosure and shall make a good faith effort to retrieve any documents or things so disclosed and to prevent disclosure by each unauthorized person who received such information.

17. Any receiving party may at any time request that the designating party remove the "Confidential" designation with respect to any document, object or information. Such request shall be served on counsel for the designating party, and shall particularly identify the designated Confidential Information that the receiving party contends is not confidential and the reasons supporting its contention. If the designating party does not agree to remove the "Confidential" designation within 14 days, then the party contending that such documents or information are not Confidential may file a motion to remove such information from the restrictions of this Order. The designating party bears the burden of establishing the propriety of the "Confidential" designation.

/ / /

/ / /

Wilmer Cutler Pickering Hale and Dorr LLP
350 South Grand Avenue
Los Angeles, California 90071

STIPULATED PROTECTIVE ORDER
-9-
CASE NO. CV 10-04839-JFW (MANx)

**Miscellaneous**

18.     This Protective Order may be modified only by written agreement of the parties or further order of the Court and is without prejudice to the rights of any party or third party to seek additional or different relief from the Court not specified in this Order.

19.     The designation by counsel for the designating party of any document, material or information as constituting or containing Confidential Information is intended solely to facilitate the preparation and trial of this case, and such designation shall not be construed in any way as an admission or agreement by any party that such document, material or information constitutes or contains any Confidential Information as a matter of law.

20.     Any court reporter who transcribes testimony in this action at a deposition shall agree, before transcribing any such testimony, that all Confidential testimony is and shall remain confidential and shall not be disclosed except as provided under this Order and that copies of any transcript, reporter's notes or any other transcription records of any such testimony shall be retained in absolute confidentiality and safekeeping by such shorthand reporter or shall be delivered to an attorney of record or filed with the Court under seal.

21.     In the event Confidential Information disclosed during the course of the litigation is sought by any person or entity not a party to this litigation, whether by subpoena in another action or service with any legal process, the party receiving such subpoena or service shall promptly notify in writing counsel for the designating party if such subpoena or service demands the production of

Wilmer Cutler Pickering Hale and Dorr LLP
350 South Grand Avenue
Los Angeles, California 90071

Confidential Information of such designating party. Any such person or entity seeking such Confidential Information by attempting to enforce such subpoena or other legal process shall be apprised of this Protective Order by counsel for the party upon whom the subpoena or process was served. Nothing herein shall be construed as requiring anyone covered by this Protective Order to contest a subpoena or other process, to appeal any order requiring production of Confidential Information covered by this Protective Order, or to subject itself to penalties for non-compliance with any legal process or order. In the event Confidential Information disclosed during the course of the litigation is subject to a valid discovery demand or other legal process, or must be preserved to comply with an existing legal duty, the requirement to return or destroy Confidential Information upon final termination of this action set forth in Paragraph 15 shall not apply to the extent production or preservation of such Confidential Information is required by law or court order.

22. In the event anyone shall violate or threaten to violate the terms of this Stipulated Protective Order, the aggrieved party may apply to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this Stipulated Protective Order, and in the event that the aggrieved party does so, the responding party, subject to the provisions of this Stipulated Protective Order, shall not employ as a defense thereto the claim that the aggrieved party possesses an adequate remedy at law.

23. In the event that any party seeks the production of documents containing material that may be classified, subject to International Traffic in Arms Regulations or other export controls, or otherwise restricted by federal law, the parties will confer regarding an appropriate resolution consistent with federal law.

Wilmer Cutler Pickering Hale and Dorr LLP
350 South Grand Avenue
Los Angeles, California 90071

STIPULATED PROTECTIVE ORDER

-11-

Case No. CV 10-04839-JFW (MANx)

1  24. Nothing herein shall prevent any party or non-party from seeking
2  additional or different relief from the Court not specified in this Order.

4  **IT IS SO ORDERED.**

6  DATED: October 22, 2010

*Margaret A. Nagle*
_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

Wilmer Cutler Pickering Hale and Dorr LLP
350 South Grand Avenue
Los Angeles, California 90071

# EXHIBIT A

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE BOEING COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MAZIAR MOVASSAGHI, in his )<br>official capacity as the Acting Director )<br>of the California Department of Toxic )<br>Substances Control, )<br>)<br>Defendant. ) | Case No. CV 10-04839-JFW (MANx) |

## **DECLARATION OF COMPLIANCE**

I, _____ do declare and state as follows:

1. I live at _____. I am employed as _____ (position) by _____ (name and address of employer).

2. I have read the Protective Order entered in this case, a copy of which has been given to me.

3. I understand and agree to comply with and be bound by the provisions of the Protective Order and consent to the jurisdiction of the district court to enforce the terms of the Protective Order, including that upon receipt of any Confidential Information, I will be personally subject to the Protective Order, and to all of its requirements and procedures.

4. Further, I declare, as provided by 28 U.S.C. § 1746, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed this _____ day of _____, 20___.

_____
(Signature)

Wilmer Cutler Pickering Hale and Dorr LLP
350 South Grand Avenue
Los Angeles, California 90071